## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------- x

**DON ERB**, **RYAN STEWART and**
**IAN GILL,** on behalf of themselves and
similarly situated employees,

        **Plaintiffs,**

        **v.**

**AMAZON, 98 VENTURES** ᴀɴᴅ **UST**
**SELECT,**

        **Defendants.**

------------------------------------------------- X

Civil Action No. 2:22-cv-01325-WSS

**AMENDED INDIVIDUAL,**
**COLLECTIVE, AND CLASS**
**ACTION COMPLAINT**

**Filed Electronically**

**Jury Trial Demanded**

## AMENDED INDIVIDUAL, COLLECTIVE, AND CLASS ACTION COMPLAINT

### Nature of the Action, Jurisdiction, and Venue

1.  This is an amended individual and collective action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), an individual and class action under the Pennsylvania Minimum Wage Act (PMWA), 43 P.S. §§ 333.104(c) & 333.113, and an individual and class action under the common law and the Pennsylvania Wage Payment and Collection Law 43 P.S. § 260.3 ("WPCL"), to recover damages for non-payment of wages owed to Plaintiffs and all similarly situated employees.

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and, for supplemental state claims, 28 U.S.C. § 1367(a).

3.  The policies, practices, and conduct underlying the claims asserted in this Amended Complaint originated from or occurred substantially in and around Pittsburgh, Pennsylvania, where Defendants conduct business operations on a regular and continuous basis.  Therefore, this action is within the jurisdiction of, and venue is proper in, the United States District Court for the Western District of Pennsylvania.

**Parties**

4.

      a.    Plaintiff Don Erb (hereinafter referred to as "Plaintiff Erb") has been employed by Amazon and, in turn, assigned by Amazon to joint employers 98 Ventures and UST Select (collectively referred to as "Defendants") for all or part of the time since September 15, 2019, as a truck driver reporting to the Coraopolis, PA, facility. Plaintiff has resided at all relevant times in Allegheny County, PA.

      b.    Plaintiff Ryan Stewart (hereinafter referred to as "Plaintiff Stewart") has been employed Amazon and, in turn, assigned by Amazon to joint employers 98 Ventures and UST Select (collectively referred to as "Defendants") for all or part of the time since September 15, 2019, as a truck driver reporting to the Coraopolis, PA, facility. Plaintiff has resided at all relevant times in Allegheny County, PA.

      c.    Plaintiff Ian Gill (hereinafter referred to as "Plaintiff Gill") has been employed by Amazon and, in turn, assigned by Amazon to joint employers 98 Ventures and UST Select (collectively referred to as "Defendants") for all or part of the time since September 15, 2019, as a truck driver reporting to the Coraopolis, PA, facility. Plaintiff has resided at all relevant times in Allegheny County, PA.

5.  **Defendant Amazon.**

      a.    Defendant Amazon ("Amazon"), is an American multinational technology company which focuses on e-commerce, cloud computing, digital streaming and artificial intelligence.

      b.    Amazon maintains its headquarters at 410 Terry Avenue North, Seattle, WA 98109 and maintains facilities in the Western District of Pennsylvania and elsewhere in PA.

      c.    Amazon has conducted business, and employed workers, on a continual basis in the Western District of PA and elsewhere in PA since at least August 2019.

2

      d.      Amazon has revenues in excess of $500,000, engages in interstate commerce and employs workers engaged in interstate commerce.

      e.      Defendant Amazon is an employer within the meaning of the FLSA, the PMWA and the WPCL.

      f.      Upon information and belief Defendant own, operates and/or leases and controls a mixed fleet of commercial vehicles, i.e., vehicles with less than 10,000 lbs. GVWR and more than 10,000 lbs. GVWR.

      g.      Amazon was and still is the employer of Plaintiffs and the collective/class of drivers performing work for Amazon in Pennsylvania since at least August 2019.

6. **Defendant 98 Ventures.**

      a.      Defendant 98 Ventures ("98 Ventures") provides executive management solutions servicing various industries, such as Amazon, including logistics, fulfillment services, and technology, throughout the United States.

      b.      Defendant 98 Ventures maintains its headquarters at 556 Perry Avenue, Greenville, SC 29611. Defendant 98 Ventures maintains a facility in the Western District of Pennsylvania, and maintains other facilities elsewhere in PA.

      c.      Defendant 98 Venture owns, operates and controls Defendant UST.

      d.      Upon information and belief Defendant 98 Ventures owns, operates and/or leases and controls a "mixed fleet" of commercial vehicles, i.e., vehicles with less than 10,000 lbs. GVWR and more than 10,000 lbs. GVWR.

      e.      Defendant 98 Ventures has annual revenues in excess of $500,000, engages in interstate commerce and employs workers in interstate commerce.

f.      Defendant 98 Ventures is an employer within the meaning of the FLSA, the PMWA and the WPCL.

g.      Defendant 98 Ventures was and still is the joint employer, acting on behalf of Amazon, of Plaintiffs and the collective/class of drivers performing work for Amazon in Pennsylvania since at least August 2019.

7. **Defendant UST Select.**

a.      Defendant UST Select ("UST") provides warehousing and delivery services coast to coast and provides a variety of logistics and transportation solutions to companies, such as Amazon, throughout the United States.

b.      Defendant UST maintains its headquarters at 556 Perry Avenue, B106, Greenville, SC 29611. Defendant UST maintains a facility (a shipping center) in the Western District of Pennsylvania in Coraopolis, PA, and maintains other facilities elsewhere in PA.

c.      Defendant UST is wholly owned by and controlled by Defendant 98 Ventures.

d.      Upon information and belief Defendant UST owns and operates and/or leases and controls a "mixed fleet" of commercial vehicles, i.e., vehicles with less than 10,000 lbs. GVWR and more than 10,000 lbs. GVWR.

e.      Defendant UST has annual revenues in excess of $500,000, engages in interstate commerce and employs workers in interstate commerce.

f.      Defendant UST Select is an employer within the meaning of the FLSA, the PMWA and the WPCL.

g.      Defendant UST Select was and still is the joint employer, acting on behalf of Amazon and 98 Ventures, of Plaintiffs and the collective/class of drivers performing work for Amazon in Pennsylvania since at least August 2019.

8.  For purposes of this lawsuit Defendants Amazon, 98 Ventures and UST Select are and were the joint employer of Plaintiffs and the collective/class.  *See* 29 CFR 791.2.

9.  Specifically, Defendants Amazon and, on behalf of Amazon, 98 Ventures and/or UST Select are and were joint employers of the Named Plaintiffs and each member of the putative collective action and the putative class action (the "Class")[1], for the following reasons, among others:

> i.    Each Plaintiff and each member of the Class was recruited by Amazon;

> ii.    Each Plaintiff and each member of the Class was hired by Amazon;

> iii.    Each Plaintiff and each member of the Class was recruited and hired by Amazon for the expressed purpose of driving delivery trucks to deliver goods sold by Amazon;

> iv.    Each Plaintiff and each member of the Class was assigned by Amazon to 98 Ventures and UST Select in order to delivery these goods for Amazon;

> v.    Each Plaintiff and each member of the Class reported to Amazon management either directly or through 98 Ventures and/or UST Select for purposes of work assignment and execution;

> vi.    Each Plaintiff and each member of the Class, when hired by Amazon, was given an employee handbook by Amazon and, upon reporting to 98

---

[1] In this lawsuit, Plaintiff seeks to represent an FLSA collective and a PMWA class (together, a "Class") composed of all persons who were employed by Amazon and, on behalf of Amazon, 98 Ventures and/or UST Select jointly, as truck drivers in PA at any time between August 2019 and the present (the "Class Period").

VENTURES and/or UST Select, by 98 VENTURES and/or UST Select as well. The employee handbooks set forth the Amazon, 98 Ventures and UST Select policies and procedures that are applied to each Plaintiff and Class member while they are performing work for Amazon.

vii.     Each Plaintiff and each member of the Class drives trucks owned and/or leased by Amazon or, on behalf of Amazon, by 98 Ventures and/or UST Select;

viii.     Each Plaintiff and each member of the Class is required to comply with all Amazon and, in turn, 98 Ventures and UST Select rules and regulations regarding the driving of the trucks and regarding all other personnel matters;

ix.     Each Plaintiff and each member of the Class is subjected to a drug screening and medical screening prior to the commencement of work for Amazon. The drug screening and medical screening is required by Amazon and, on behalf of Amazon, by 98 Ventures and UST Select, and overseen directly by Amazon using a third-party drug screening and medical screening service.  This screening is a prerequisite to each Plaintiff and each member of the Class being hired by and qualified to drive for Amazon;

x.     When each Plaintiff and each Class member begins working for Amazon he/she is required to complete online safety training approved by Amazon;

xi.     When each Plaintiff and each Class member begins driving trucks for Amazon he/she is issued a specific driver number so that Amazon and, on behalf of Amazon, 98 Ventures and UST Select, can track, monitor, and direct the movements of the trucks that each Plaintiff and each Class member drives for Amazon;

xii.     When each Plaintiff and each Class member drives trucks on behalf of Amazon in a manner that requires the keeping of DOT driver's logs these logs

6

are submitted to Amazon either directly, or through 98 VENTURES and/or UST
Select, for review and approval;

     xiii.     When each Plaintiff and each Class member drives trucks on behalf
of Amazon his/her movements are tracked by Amazon on a real-time basis through
the use of GPS devices and electronic applications used by Amazon;

     xiv.     When each Plaintiff and each Class member drives trucks on behalf
of Amazon he/she is monitored on a real-time basis by Amazon relative to whether
the Plaintiff and each Class member is delivering products sufficiently quickly and
in accordance with the schedule given to the driver by Amazon at the start of each
shift and, as necessary, is redirected by Amazon, either directly or through 98
Ventures and/or UST Select, to complete deliveries by a certain time;

     xv.     If the schedule is not being met each Plaintiff and each Class
member could be and in fact is disciplined by Amazon or, on behalf of Amazon, by
98 Ventures and/or UST Select;

     xvi.     In the course of driving trucks for Amazon each Plaintiff and each
member of the Class is required to perform vehicle inspections on the vehicles they
drive.  When they perform a vehicle inspection in this manner, each Plaintiff and
each member of the Class is required to complete a "vehicle inspection report" and
submit these reports to Amazon either directly or, on behalf of Amazon, through
98 Ventures and UST;

     xvii.     Amazon, either directly or through 98 Ventures and UST, deals
directly with each Plaintiff and each member of the Class to give assignments to,
monitor and give instructions on their driving;

     xviii.     Amazon, directly and through 98 Ventures and UST, establishes the
pay rate and bonuses for Plaintiffs and the collective/class;

xix.        Amazon, either directly or through 98 Ventures and UST, has the authority to discipline and/or terminate each Plaintiff and each member of the Class and has exercised this authority on a regular basis;

xx.        Each Plaintiff and each member of the Class is required to complete paperwork and/or electronic entries regarding the delivery of goods for Amazon in an Amazon-created electronic application and report this information on a real-time basis to Amazon.

10. At all relevant times Defendants Amazon, 98 Ventures and UST Select have been employers within the meaning of the FLSA, the PMWA and the WPCL.

11. At all relevant time Defendants Amazon, 98 Ventures and UST Select have been joint employers of Plaintiffs and the Class within the meaning of the FLSA, the PMWA and the WPCL.

12. At all relevant times Defendants Amazon, 98 Ventures and UST Select have been enterprises engaged in interstate commerce with annual revenues in excess of $500,000, have employed workers engaged in the transportation of goods in interstate commerce and have, therefore, been subject to the provisions of the FLSA, the PMWA and the WPCL.

## **Background**

13. Plaintiff Erb, Plaintiff Stewart and Plaintiff Gill have been employed by Defendant Amazon and, in turn by 98 Ventures and UST on behalf of Amazon, as truck drivers for all or part of the time since September 15, 2019, reporting to the Coraopolis, PA, facility.

14. As truck drivers, Plaintiffs have performed delivery services strictly for Amazon.

15. As truck drivers, the Class (truck drivers performing the same or similar services under the same or similar circumstances for Amazon in the Commonwealth of PA) have performed delivery services strictly for Amazon.

16. As truck drivers Plaintiffs' primary job duties are to deliver goods to Amazon customers.

17. As truck drivers the Class Members' primary job duties are to deliver goods to Amazon customers.

18. As truck drivers, Plaintiffs have regularly worked more than 40 hours in a single week, frequently in excess of 50 hours.

19. As truck drivers, the Class Members have regularly worked more than 40 hours in a single week, frequently in excess of 50 hours.

20. Plaintiffs and the Class Members regularly drive large (>10,000 lbs. GVWR) vehicles in the performance of their duties.

21. Plaintiffs and the Class Members are regularly engaged in the transportation of goods in interstate commerce.

22. Plaintiffs and the Class members also regularly drive smaller ( <10,000 lbs. GVWR ) vehicles in the performance of their duties.

23. These smaller vehicles have a GVWR of 10,000 lbs. or less.

24. Plaintiffs and the Class Members are regularly called upon to drive, load, or inspect vehicles with GVWR of less than 10,001 pounds in the performance of their duties.

25. Plaintiffs and the Class members are entitled to overtime pay in those weeks in which they drive, load or inspect the smaller vehicles. FLSA § 13(b)(1), SAFETEA-LU Technical Corrections Act of 2009 (TCA), P.L. 110-244.

26. Plaintiffs and the Class members are also entitled to overtime pay in those weeks in which they drive vehicles larger than 10,000 lbs. GVWR to the extent they are not delivering goods in the flow of interstate commerce.

27. Plaintiffs and the Class members are also entitled to overtime pay on the basis of the contractual promises made by Amazon and, on behalf of Amazon, by 98 Ventures and/or UST Select to pay Plaintiffs and the drivers for all hours worked, whether non-overtime or overtime hours.

28. Plaintiffs and the Class members are all compensated based on the same compensation structure consisting of an hourly rate of pay (approximately $21 per hour).

29. Plaintiffs and the Class members are all paid overtime pay at the rate of time-and-one-half the regular rate of pay.

30. Before and during Plaintiffs' and the Class members' terms of employment, Defendant Amazon, either directly or through 98 Ventures and/or UST Select, has made certain explicit, written, promises to Plaintiffs and the Class members  concerning the terms and conditions of Plaintiffs' and the Class Members' working relationship with Amazon and, in turn with 98 Ventures and/or UST, including promises concerning the methods and amounts of pay that Plaintiffs and the Class members would receive in exchange for agreeing to work for, and continuing to work for Amazon.

31. Specifically, Defendant Amazon, either directly or through 98 Ventures and/or UST Select, has agreed to pay Plaintiffs and the Class members for all time worked including non-overtime (regular) hours as well as overtime hours.

32. Plaintiffs and the Class Members are all required to enter their work time in an electronic time-keeping system originated by Amazon.

33. Despite Defendant Amazon's promises, either directly or through 98 Ventures and/or UST, to pay Plaintiffs and the Class members for all time worked Amazon, either directly or by or through 98 Ventures and/or UST, applies a policy for automatic deduction of time/pay for a 30-minute lunch break each day regardless of whether the drivers get to take the lunch breaks (the drivers are not normally able to take these lunch breaks and have to work through them without compensation).

34. Defendant Amazon, either directly or by and through 98 Ventures and/or UST, has also promised Plaintiffs and the Class members they will get two 15-minute paid breaks each eight-hour shift.

35. Despite this promise, Plaintiffs and the Class members regularly are not able to, or permitted to by Defendants, to take the promised 15-minute breaks but instead work through those breaks.

36. The effect of being denied the ability to take the promised two 15-minute breaks is that Plaintiffs and the Class Members work more time than the time they have agreed to work for Amazon and to do so without any additional compensation.

37. Defendant Amazon has compounded the breach of its promises to pay Plaintiffs and the Class Members for all time worked by, as a matter of policy and practice, either directly or through 98 Ventures and/or UST, altering the time records entered by the drivers when the drivers have worked through their lunch breaks to make it seem as if the drivers have taken the lunch break.

38. So, for example, if a driver enters into the time-keeping system the fact that he/she has worked through the 30-minute lunch break Defendants regularly will enter the time-keeping records and alter the time records to make it appear the 30-minute lunch break was actually taken.

39. There is a digital record of these modifications by Defendants.

40. Defendants know this results in the falsification of the time records.

41. Defendants' falsification of the time records is intentional.

42. Defendants know the falsification of the time records results in the denial of wages earned.

43. Plaintiffs   and   the   Class   Members   have   acted   in   reliance   on Amazon's and, in turn, 98 Ventures/UST,  promises to pay for all time worked, including but not limited to the time worked during the 30-minute lunch break, and to provide two paid 15-minute

breaks each eight-hour shift, and have provided Defendants with valuable consideration, namely, their time and effort to complete work on behalf of the Defendants, in reliance on these promises.

44.  Those promises by Defendants have created enforceable contractual obligations.

45.  Plaintiffs and the Class members have provided consideration for those promises by performing their duties assigned.

46.  Despite the contractual obligation to compensate Plaintiffs and members of the Class for all time spent performing work, Defendants have breached those contractual obligations when they do not pay Plaintiffs and members of the Class the wages promised for all time spent performing work and do not provide the promised two 15-minute breaks per eight-hour shift.

47. The amounts owed to Plaintiffs and members of the Class represent wages.

48.  Plaintiffs have made demands to be paid what is owed.

49.  Defendants have refused to pay despite these demands.

50.  Defendants do not have any good-faith basis on which to withhold the wages or expenses.

51.   As a result of Defendants' breaches, Plaintiffs and members of the Class have been denied the benefit of the bargain, and have suffered substantial damages in the form of unpaid wages and benefits.

52. Plaintiffs and the Class members have worked for Amazon, and in turn for 98 Ventures and UST Select, based upon the promises made by Defendants Amazon, 98 Ventures and UST Select.

53. Plaintiffs and the Class members have fulfilled their end of the bargain: they have driven the vehicles (larger vehicles and smaller vehicles) and performed other assigned duties according to the directions given to them by Amazon and, in turn, 98 Ventures and UST Select and with the

understanding they would be paid for all of their time worked at the promised rates/arrangement and given two 15-minute breaks each eight hour shift.

54. Despite Plaintiffs and the Class members performing as agreed upon with Defendants the Defendants have refused to pay Plaintiffs and the Class Members for all time worked at the promised rates/arrangement or provided the promised paid breaks

55. Plaintiffs and the Class Members have complained about not being paid what was promised, or given the breaks promised.

56. Despite these complaints Defendants Amazon, 98 Ventures and UST Select have refused to pay what they promised they would pay or provide the promised breaks.

57. Plaintiffs' and the Class Members' work for Amazon and, in turn, for 98 Ventures and UST Select is and has been integral to the business of Amazon, 98 Ventures and UST Select : delivering goods to Amazon's clients.

58. Defendants have both known as well as suffered and permitted Plaintiffs and the Class Members to work for less than the promised wages and less than the required overtime wages in one or more workweeks since September 2019.

59. Defendants Amazon, 98 Ventures and UST Select have known that their policies, practices and procedures concerning Plaintiffs' compensation and time-keeping are in violation of the overtime wage provisions of the FLSA and PMWA, and Defendants have nevertheless acted in reckless disregard of these overtime time-keeping provisions since at least August 2019.

**<u>Class- and Collective-Action Allegations</u>**

60. Plaintiffs incorporate by reference the "Background" recitation of facts (above) as though the same were set forth fully herein.

61.  This is a "hybrid" FLSA/PMWA action that is properly maintainable as a collective action under the FLSA, 29 U.S.C. § 216(b), and a class action under Federal Rule of Civil Procedure 23(b)(3).  *See Knepper* v. *Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012).

62. Between July 2019 and the present, more than 100 individuals have been employed jointly by Defendant Amazon and, in turn, by 98 Ventures and UST Select, as truck drivers in the Commonwealth of PA.

63. In this lawsuit, Plaintiffs seek to represent an FLSA collective and a PMWA class (together, a "Class") composed of all persons who have been employed by Amazon and, in turn, 98 Ventures and UST Select,  jointly as truck drivers at any time between August 2019 and the present (the "Class Period") in the Commonwealth of PA.

64. Plaintiffs and the Class Members are similarly situated for the reasons articulated in the "Background", above.

65. The Class is so numerous that joinder of all members is impracticable:  More than 100 individuals are in the Class, and it would be impractical, if not impossible, to join them all individually.

66. There are common issues among all members of the Class:  Members of the Class were all hired by and employed by Amazon and, in turn, assigned to 98 Ventures and UST to perform work exclusively for Amazon and to follow Amazon policies, procedures and work standards for Amazon; were subjected to the same hiring, qualification and day-to-day management practices; the same pay policies; the same policy of requiring drivers to work uncompensated time ( off-the-clock time ); the same policy of non-payment of promised wages; the same policy of non-payment of overtime premium pay; the same policy of being required to operate and maintain vehicles with GVWRs of less than 10,001 pounds to carry out their job duties; the same policy of the falsification of time records; the same policy of denying the promised two 15-minute breaks each eight-hour shift; and, the same policy of being required to work in excess of 40 hours in workweeks during the Class Period.

67. The claims and defenses of the representative parties are typical of the claims and defenses of the class.

68.   The potential defenses to Plaintiffs' claims (such as whether there are common pay, time-keeping, falsification, driving and discipline policies) are typical of any defenses to the claims of the Class members.

69. Plaintiffs are adequately motivated to represent the interests of members of the Class in pursuing relief from the unlawful policies that commonly affected them.

70. The questions of law and fact common to members of the Class (noted above) will predominate over any questions affecting only individual members.

71. Plaintiffs do not have interests that are antagonistic to the interests of the Class.

72. There are no conflicts of interest among members of the Class.

73. Prosecuting this case as a collective action under the FLSA, and a class action under the PMWA and the common law/WPCL, will promote judicial efficiency and best protect the interests of the Class.

74. Undersigned counsel for Plaintiffs is experienced in the field of employment law (including the FLSA and the PMWA), and in the field of collective and class actions, and will fairly and competently represent the interests of members of the Class.

### COUNT I:  Fair Labor Standards Act - Failure to Pay Overtime
### (Individual and Collective)(Defendants Amazon, 98 Ventures and UST Select)

75. Plaintiffs incorporate by reference the preceding paragraphs of this amended complaint as though the same were set forth fully herein.

76. Plaintiffs and the Class are current or former employees of Defendants within the meaning of the FLSA.

15

77. Plaintiffs and the Class are non-exempt.

78. Defendants are employers, and joint employers, within the meaning of the FLSA.

79. During the Class Period, Defendants did not pay all overtime owed to Plaintiffs or members of the Class.

80. Defendants have known that their policies, practices and procedures concerning Plaintiffs' and the Class's compensation are in violation of the overtime provisions of the FLSA, and have acted in reckless disregard of the overtime provisions of the FLSA.

81. During the Class Period, Plaintiffs and members of the Class have worked in excess of 40 hours in at least some workweeks and, in at least one workweek, have not been compensated in full for time worked in excess of 40 hours.

82. Defendants' failure to pay overtime wages to Plaintiffs and members of the Class has violated the overtime provisions of the FLSA.

83. In addition, Defendants have knowingly falsified the time records of Plaintiffs and the Class.

84. Under the FLSA, Plaintiffs and members of the Class are entitled to recover from Defendants the overtime pay improperly withheld by Defendants, plus interest, attorney's fees, and costs.

85. Under the FLSA, Plaintiffs and members of the Class are also entitled to recover liquidated damages in an amount equal to their unpaid overtime.

86. Because Defendants' violations of the FLSA are knowing and intentional, the FLSA's three-year statute of limitations applies to Plaintiffs' and the Class members' claims for overtime under the FLSA.

**COUNT II:  Pennsylvania Minimum Wage Act - Failure to Pay Overtime**
**(Individual and Class Action)**
**(Defendants Amazon, 98 Ventures and UST Select)**

87. Plaintiffs incorporate by reference the preceding paragraphs of this amended complaint as though the same were set forth fully herein.

88. Plaintiffs and the Class are current or former employees of Defendants within the meaning of the PMWA.

89. Defendants are employers within the meaning of the PMWA.

90. Plaintiffs and the Class are non-exempt.

91. During the Class Period, Defendants did not pay all overtime owed to Plaintiffs and the Class.

92. During the Class Period, Plaintiffs and the Class have worked in excess of 40 hours in in at least some workweeks and, in at least one workweek, have not been compensated in full for their overtime.

93. During the Class Period Defendants have knowingly falsified the time records of Plaintiffs and the Class.

94. Defendants' failure to pay overtime wages to Plaintiffs and members of the Class have violated the overtime provisions of the PMWA.

95.  Under the PMWA, Plaintiffs and members of the Class are entitled to recover from Defendants the overtime pay improperly withheld by Defendants, plus interest, attorneys' fees, and costs.

## COUNT III: Breach of Contract
## (Individual and Class Action)
## (Defendants Amazon, 98 Ventures and UST Select )

96.   Plaintiffs incorporate by reference the preceding paragraphs of this amended complaint as though the same were set forth fully herein.

97.   Defendants have made definite, clear promises to pay Plaintiffs and the Class at a promised rate of pay for all time worked (non-overtime as well as overtime).

98.   Defendants have also made clear and definite promises to provide Plaintiffs and the Class with two 15-minute paid breaks each eight-hour shift.

99.   Contrary to these promises Defendants have denied Plaintiffs and the Class pay for all time spent working for Defendants at the promised rate of pay (non-overtime as well as overtime).

100. In addition, contrary to these promises Defendants have denied Plaintiffs and the Class two paid 15-minute breaks each eight-hour shift.

101. Plaintiffs and the Class have acted in reliance on Defendants' promises to pay for all time worked and to provide two paid 15-minute breaks each eight-hour shift and have provided Defendants with valuable consideration, namely, their time and effort to perform work on behalf of the Defendants, in reliance on these promises.

102.  Those promises by Defendants have created enforceable contractual obligations.

103.  Plaintiffs and the Class have provided valuable consideration for those promises.

104.  Despite the contractual obligation to compensate Plaintiffs and members of the Class for all time spent performing work on behalf of Defendants, Defendants have breached those contractual obligations by not paying Plaintiffs and members of the Class the wages promised for all work performed or providing the promised two paid 15-minute breaks per shift.

105. The amounts owed to Plaintiffs and members of the Class represent wages.

106. Plaintiffs and the Class have made demands to be paid what is owed and to be provided with the two paid 15-minute breaks each eight-hour shift.

107. Defendants have refused to pay or provide the two paid 15-minute breaks each eight-hour shift despite these demands.

108. Defendants have no good-faith basis on which to withhold the wages or expenses.

109. As a result of Defendants' breaches, Plaintiffs and the Class have been denied the benefit of the bargain, and have suffered substantial damages in the form of unpaid wages and benefits.

110. Plaintiffs and members of the Class are entitled to damages commensurate with the unpaid wages and benefits, plus interest, plus compensatory damages resulting from the breach.

## COUNT IV: Violation of the WPCL
### (Individual and Class Action)
### (Defendants Amazon, 98 Ventures and UST Select)

111. Plaintiffs incorporate by reference the preceding paragraphs of this amended complaint as though the same were set forth fully herein.

112. Defendants' contractual obligation to pay Plaintiffs and members of the Class certain wages and to provide them with certain benefits created obligations under the WPCL, 43 P.S. § 260.1 *et seq*.

113. The compensation Defendants failed to pay to Plaintiffs and members of the Class for hours worked and benefits earned constitute wages within the meaning of the WPCL.

114. Defendants violated the WPCL by failing to pay wages owed to the Plaintiffs and the Class.

115.  Defendants have no good-faith basis for withholding the wages.

116.  Plaintiffs and members of the Class are entitled to their unpaid wages as well as statutory penalties (25% of unpaid wages), pre-judgment and post-judgment interest, attorney's fees, and costs.

## PRAYER FOR RELIEF

117.  Wherefore, Plaintiffs Don Erb, Ryan Stewart and Ian Gill, on behalf of themselves and members of the Collective and Class, respectfully request this Court enter judgment awarding them:

    a.  money damages in an amount equal to the wages, including regular wages and overtime compensation, they are due;

    b.  liquidated damages under the FLSA in an amount equal to the overtime compensation they are due;

    c.  liquidated damages under the WPCL in an amount authorized under the WPCL;

    d.  payment for unrealized wages in the form of benefits denied;

    e.  interest, penalties, reasonable attorneys' fees, and costs; and,

    f.  all other relief that is just and proper.

Dated: February 15, 2023
       Pittsburgh, PA

                            Respectfully submitted,

                            /s/ Joseph H. Chivers

Joseph H. Chivers
jchivers@employmentrightsgroup.com
THE EMPLOYMENT RIGHTS GROUP LLC
First & Market Building
100 First Avenue, Suite 650
Pittsburgh, PA  15222
Tel.:  (412) 227-0763
Fax:  (412) 774-1994

John R. Linkosky
linklaw@comcast.net
JOHN LINKOSKY & ASSOCIATES
715 Washington Avenue
Carnegie, PA  15106
Tel.:  (412) 278-1280
Fax: (412) 278-1282

*Counsel for Plaintiffs*
*and all others similarly situated*